UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17-cv-85-FDW

| | |
|---|---|
| ROBERT S. BALLARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ERIK A. HOOKS,[1] ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner Robert S. Ballard's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1). Also before the Court is Petitioner's Motion to proceed in forma pauperis. (Doc. No. 2.)

**I.  BACKGROUND**

Petitioner is a prisoner of the State of North Carolina. The following procedural history relevant to the instant Petition is provided by the North Carolina Court of Appeals:

> Defendant Robert Samuel Ballard pled no contest on 22 September 2006 to twenty-five counts of obtaining property by false pretenses, twenty-two counts of obtaining possession of a controlled substance by fraud or forgery, two counts of trafficking in opium, felony conspiracy to traffic in opium, and simple possession of a controlled substance. The court consolidated the trafficking and conspiracy counts into a single judgment and imposed an active term of 27 to 33 months imprisonment. The court also entered fifteen additional judgments, imposing consecutive terms of 15 to 18 months each. The court suspended these sentences and placed defendant on supervised probation for 42 months.

State v. Ballard, 762 S.E.2d 533, 2014 WL 2742876, at *1 (N.C. Ct. App. June 17, 2014)

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that a Petition for Writ of Habeas Corpus name the person who has immediate custody of the petitioner as the respondent in the action. Id., 28 U.S.C. folio § 2254. Consistent with Rule 2(a), Erik A. Hooks, Secretary of the Department of Public Safety, has been substituted as Respondent in this action.

1

(unpublished). Petitioner served his active sentence and was released on June 18, 2009. See State's Resp. to Cert. Pet. 2, State v. Ballard, No. P13-229 (N.C. Ct. App. filed April 3, 2013), available at the North Carolina Supreme Court and Court of Appeals Electronic Filing Site and Document Library, https://www.ncappellatecourts.org.

On June 22, 2011, June 27, 2011, and July 1, 2011, Petitioner's probation officer filed violation reports. See Ballard, 762 S.E.2d at *1. The Wilkes County Superior Court conducted a revocation hearing on April 16, 2012, concluded Petitioner had willfully violated the conditions of his probation, and activated his sentences. See id.

Petitioner did not appeal the trial court's revocation and activation of his sentences. Instead, he filed a number of motions for appropriate relief in the Wilkes County Superior Court:

> On 2 August 2012, petitioner filed a Motion for appropriate relief in Wilkes County Superior Court challenging his probation revocation. The trial court dismissed the motion on 18 September 2012. Petitioner filed an amended motion for appropriate relief on 24 September 2012. The amended motion was dismissed by the trial court on 30 September 2012. Petitioner filed a motion for reconsideration, which was denied on 10 October 2012.

See State's Resp. to Cert. Pet. at 3.

On March 21, 2013, however, Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals seeking review of the trial court's April 16, 2012 judgments revoking his probation. Id. The Court of Appeals granted the certiorari petition on April 9, 2013, but except for a clerical error, found no error in the judgments. Ballard, 762 S.E.2d at *3.

Petitioner did not take any further action in the state courts. He filed the instant federal habeas Petition on April 30, 2017, when he placed it in the prison mail system. (Pet. 15, Doc. No. 1.) He alleges ineffective assistance of counsel with respect to his probation revocation proceedings (Pet. 5) and that the sentences for his false pretenses convictions were

disproportionate to the crimes (Pet. 7.)

## II.    STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. In conducting its review under Rule 4, the court "has the power to raise affirmative defenses sua sponte," including a statute of limitations defense under 28 U.S.C. § 2244(d). Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). The court may dismiss a petition as untimely under Rule 4, however, only if it is clear that the petition is untimely, and the petitioner had notice of the statute of limitations and addressed the issue. Id. at 706–707.

## III.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. § 2244(d)(1)(A).[2] The limitations period is tolled during the pendency of a properly filed state post-conviction action. § 2244(d)(2).

Petitioner's revocation judgment was entered on April 16, 2012, when the trial court revoked his probation. The North Carolina Court of Appeals issued its opinion affirming the trial court's judgment on June 17, 2014. To the extent Petitioner had the right to seek review of

---

[2] There are three situations under which the statute of limitations begins to run at a later date, but none of those apply here. See 28 U.S.C. § 2244(d)(1)(B)-(D).

3

the Court of Appeals' decision, he had thirty-five days to file a petition for discretionary review in the North Carolina Supreme Court. See N.C. R. App. P. 15(b) ("A petition for review following determination by the Court of Appeals shall be . . . filed and served within fifteen days after the mandate of the Court of Appeals has been issued to the trial tribunal."); N.C. R. App. P. 32(b) ("Unless a court orders otherwise, its clerk shall enter judgment and issue the mandate of the court twenty days after the written opinion of the court has been filed with the clerk."). Petitioner did not seek discretionary review during that thirty-five-day time frame. Therefore, his judgment became final on or about July 22, 2014, when the time for seeking direct review expired. See § 2244(d)(1)(A); Gonzalez v. Thaler, 132 S.Ct. 641, 656 (2012) ("We hold that, for a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires.").

The federal statute of limitations then ran for 365 days until it expired on or about July 22, 2015.[3] Thus, absent equitable tolling Petitioner's habeas Petition is time-barred under § 2244(d)(1)(A).

Equitable tolling of a habeas petition is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Under Fourth Circuit precedent, equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross

---

[3] To the extent Petitioner is seeking to challenge his original sentences for his false pretense convictions, he must do so by way of separate § 2254 habeas petition. See Rule 2(e) of the Rules Governing Section 22554 Cases ("A petitioner who seeks relief from judgments of more than one court must file a separate petition covering the judgment or judgments of each court.").

4

injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotation marks omitted).

Petitioner asserts that he was not aware of the one-year statute of limitations in 28 U.S.C. § 2244(d) and that he just became aware of the Supreme Court's decision in Lafler v. Cooper, 566 U.S. 156 (2012). (Pet. 13-14.) In Lafler, the Court held that where a defendant argues deficient advice resulted in his rejection of a favorable plea offer, he must show that (1) but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court, (2) that the court would have accepted its terms, and (3) that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed. Id. at 164.

Neither of these explanations is of help to Petitioner because "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (citing Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted." (quotation marks omitted)); United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002) ("[A] petitioner's own ignorance or mistake does not warrant equitable tolling...."); Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001) (rejecting the argument that a pro se prisoner's ignorance of the law warranted equitable tolling); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir.2000) (same)). In other words, Petitioner's lack of awareness about the statute of limitations and Supreme Court case law "is neither extraordinary nor a circumstance external to his control." Id.

In short, Petitioner has demonstrated neither diligence in pursuing his rights in the state courts nor that an extraordinary circumstance external to his control prevented him from timely

5

filing a federal habeas petition.  See Holland, 560 U.S. at 649.  Consequently, he is not entitled to equitable tolling of the statute of limitations.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** as untimely under 28 U.S.C. § 2244(d)(1)(A);

2. Petitioner's Motion to proceed in forma pauperis (Doc. No. 2) is **GRANTED**;

3. The Clerk of Court shall substitute Erik A. Hooks for "Unnamed Respondent" as the respondent in this action; and

4. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: June 1, 2017

Frank D. Whitney
Chief United States District Judge